## STEELEY ET AL. *v.* SEWARD ET AL.

[No. 5,085.   Filed January 10, 1905.]

1.  TRIAL.—*Interrogatories.*—*Error in Overruling Demurrer to Answer.* —*Harmless.*—Where, in an action on a promissory note, issue is joined on an answer of payment, and the jury in answer to an interrogatory said that such note had been paid prior to the bringing of the suit, error in overruling a demurrer to another paragraph of answer is harmless, since payment is a complete defense, and completely extinguishes the cause of action. p. 400.

2.  APPEAL AND ERROR.—*Interrogatories.*—*Refusal to Require More Specific Answer.*—*Failure to Bring up Evidence.*—Where, in an action on a note, issue was joined on the question of payment, an

interrogatory was submitted to the jury asking when and by whom such note was paid, and the jury in answer said "can't say by whom or when; note was marked 'paid,'" a motion to require the jury to answer more definitely can not be considered on appeal, where the evidence is not brought into the record, since the evidence might not warrant a more specific answer. p. 401.

3.  TRIAL.—*Interrogatories.*—*Failure to Require More Specific Answer.* —*Harmless Error.*—Where the party submitting interrogatories would not be entitled to recover, regardless of what the answer to a certain interrogatory might be, it is a harmless error for the court to refuse to compel the jury to make its answer to such interrogatory more specific. p. 402.

From Monroe Circuit Court; *William H. Martin,* Judge.

Action by James G. Steeley and others against Edward M. Seward and wife. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Duncan & Batman* and *Lee & Darby,* for appellants.
*J. E. Henley,* for appellees.

WILEY, J.—Appellants were plaintiffs below, and sued appellees upon a promissory note. The complaint was cast in four paragraphs, but, as no question is raised as to the sufficiency thereof, it is unnecessary to refer to it further. The appellees filed a joint and several answer in three paragraphs, the first of which was a general denial, the second a plea of payment, and the third that the note sued on was executed without any consideration whatever. The appellee Isabella K. Seward filed a separate answer in three paragraphs, the first and second of which aver coverture, and that no part of the consideration for the execution of the note passed to her, or was received by her. The third paragraph of her separate answer sets up fraud on the part of appellants in inducing her to execute the note. Appellants replied in two paragraphs, the first of which was a denial and the second set up affirmative matter; but, as no question is presented affecting the second paragraph of reply, it need not be noticed further. While the separate answer of the appellee Isabella K. Seward is referred to

above as the first, second and third paragraphs, they are designated in the record as paragraphs four, five and six. The appellants demurred to the fourth, fifth and sixth paragraphs of this answer, which demurrer was overruled. The cause was tried by a jury, resulting in a general verdict for appellees. The court submitted to the jury interrogatories, which they answered and returned with their general verdict. No motion was made for judgment on the answers to interrogatories notwithstanding the general verdict. Appellants' motion for a new trial was overruled. One of the reasons assigned in the motion for a new trial was that the court erred in overruling appellants' motion asking the court to require the jury to retire and answer more specifically and definitely interrogatory number five.

The errors asigned are the overruling of the demurrer to the fourth, fifth and sixth paragraphs of answer of the appellee Isabella K. Seward, and overruling the motion for a new trial. In view of the facts presented by the record, we are not called upon to review the action of the court in overruling the demurrer to the separate paragraphs of answer of Isabella K. Seward, and, as affecting the rights of the parties, it can make no difference whether that ruling was right or wrong.

1. As above stated, one paragraph of the joint answer of appellees averred that the note sued on was fully paid before the commencement of the action. To this paragraph of answer a general denial was filed, and thereby an issue of fact was raised, and presented to the jury for its determination. The jury having returned a general verdict for appellees, and with their general verdict having found specially by way of an answer to an interrogatory that the note in suit was paid prior to the commencement of this action, appellants could not possibly be harmed by the overruling of their demurrer to the separate paragraphs of answer of Isabella K. Seward, even though the facts stated therein did not constitute a defense to appellants' cause of

action. We think that by the answer to the interrogatory by which the jury found that the note was paid before the commencement' of the action there is a specific finding by the jury against appellants and for appellees, upon the joint paragraph of answer setting up payment. Payment of a promissory note prior to the commencement of an action upon it to enforce collection constitutes a complete defense, and the jury in this case having found that the note had been paid, as averred, no possible harm could have come to appellants by the overruling of their demurrer to the separate answer of Isabella K. Seward.

2.    The fourth interrogatory submitted to the jury was the one upon which they were asked to find whether or not the note in suit had been paid before the commencement of the action. The interrogatory immediately following that one, and the answer thereto, are as follows: "If you answer the foregoing interrogatory affirmatively, when was it paid and by whom? A. Can't say by whom or when; note was marked 'paid.'" It is this interrogatory that the appellants moved that the court require the jury to answer more definitely. This motion was overruled, the jury discharged, and appellants excepted. It is now held by counsel for appellants that this was error. If it was, appellants have not brought to this court a record by which that question can be determined, for they have made no attempt whatever to bring the evidence into the record. We are unable, therefore, to determine, from the record, whether or not there was any evidence from which the jury might have more specifically and definitely answered the interrogatory. It may be stated that the payment or nonpayment of the note in suit was a material fact within the issues, and doubtless there was evidence relating to such material fact; but that evidence has not been brought into the record, nor to the attention of this court, and hence the rule declared in *Perry, etc., Stone Co. v. Wilson* (1903), 160 Ind. 435, that

where there is evidence of a material fact within the issues, and the jury is called upon to answer an interrogatory involving such fact, on its failure to do so, and the court, over the proper objection, discharges the jury with the interrogatory unanswered, in such case there is no verdict. That rule can not apply here because of the absence of the evidence, and hence we can not say whether or not the jury could, under the evidence addressed to that issue, have answered the interrogatory more specifically and fully than it did.

3.    There is, another reason, however why it was not error for the court to require the jury to answer this interrogatory more definitely. Under the answers to the interrogatories appellants were not entitled to judgment on such answers notwithstanding the general verdict. Where a defendant was not entitled to judgment on the answers to special interrogatories, the refusal of the court to require the answer to a certain interrogatory to be made more specific was harmless. In this case the jury agreed on the general verdict in favor of the defendants below, and appellants did not ask, nor were they entitled to judgment in their favor on the answers to interrogatories notwithstanding the general verdict.

We find no error in the record, and the judgment is affirmed.